U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney



District of Columbia

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

July 11, 2006

Ms. Lara Quint, Esq.
**BY FAX: 202-208-7515**

      Re: United States v. Charles Dorius

        CR 06-125-01

Dear Ms. Quint:

  This letter sets forth the full and complete plea offer to your client, Charles Dorius. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ("this Office," "the government," and "the United States"). This plea offer will expire on June 28, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

  1. **Charges:** Mr. Dorius agrees to admit guilt and enter a plea of guilty to Count Two of the Indictment in this case in which your client is charged with Hostage Taking in violation of 18 U.S.C. §1203 (a) (Hostage Taking). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Dorius and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Dorius agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Dorius' actions and involvement in the offense charged in Count Two of the Indictment.

  2. **Potential penalties, assessments, and restitution:** Mr. Dorius understands that the maximum sentence that can be imposed for this offense is life in prison, a fine of $250,000, a $100 special assessment, and a maximum term of supervised release of five years. Your client understands that the sentence in this case will be imposed by the court in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the advisory United States Sentencing Commissions's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Mr. Dorius understands that the sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Dorius further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in

any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Dorius's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** Your client understands that the base offense level for the crime to which he is pleading guilty, pursuant to 2A4.1(a) is 32, ~~plus a 3 point enhancement under 2A4.1(b)(6) for placing a minor victim in care of another~~, and an additional 2-points for the use of a dangerous weapon under 2A4.1(b)(3), less a three (3) level adjustment for acceptance of responsibility as provided in paragraph 10. In the event that the plea offer is either not accepted by Mr. Dorius or is accepted by Mr. Dorius, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Co-defendant contingency:** Your client understands and acknowledges that this agreement and any plea agreement are contingent upon the entry of a guilty plea by your client's co-defendant, VAVA PIERRE in this case. If this co-defendant fails to enter a guilty plea, this agreement and any proceedings pursuant to his agreement may, at the government's option, be withdrawn or voided.

5. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Dorius expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Dorius voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. Dorius understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

6. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in the matter, including the right to set forth at sentencing all of its evidence with respect to Mr. Dorius' criminal activities and any proceeding(s) before the Bureau of Prisons. In addition, Mr. Dorius acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in the case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **PreSentence Report Matters:** The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. **Post-Sentence Litigation:** If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocation in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Detention Pending Sentencing:** Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. §3143, your client be detained without bond pending your client's sentencing in this case.

10. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Mr. Dorius continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from the matter; (c) and complying with the other provisions of the agreement. Also, subject to other paragraphs in the agreement, the United States will not bring any additional criminal charges against Mr. Dorius in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the conduct set forth in the Information.

11. **Court is not bound:** Mr. Dorius understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

12. **Breach of Agreement:** Mr. Dorius agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of the plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Dorius's release (for example, should your client commit any conduct after the date of the agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the government is free under the agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Dorius will not have the right to move to withdraw the guilty plea; (c) Mr. Dorius shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Dorius directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to the agreement.

13. **USAO's Criminal Division Bound:** Mr. Dorius understands that the agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. The agreement does not bind the Civil Division of the Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Dorius.

14. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Dorius, Mr. Dorius' counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Dorius may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Dorius and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
JULIEANNE HIMELSTEIN
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Lara Quint, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the plea agreement. I am satisfied with the legal services provided by my attorney in connection with the plea agreement and matters related to it.

Date: 6/27/06

_____
Charles Dorius,
Defendant

4

   I have read each of the pages constituting the plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/28/06

                    _____
                    Lara Quint, Esquire
                    Attorney for the Defendant